Graham DOBBINS *v.* William F. EVERETT, Director of Labor, and FIRST NATIONAL BANK

E 81-149                                   620 S.W. 2d 309

Court of Appeals of Arkansas
Opinion delivered September 2, 1981

DONALD L. CORBIN, Judge. Claimant, Graham Dobbins, appeals the decision of the Board of Review of the Employment Security Division denying him unemployment benefits. The Board of Review found that Mr. Dobbins was given the option of voluntarily resigning or being discharged. The Board of Review affirmed the agency determination which denied the claimant benefits under provisions of Section 5(a) of the Arkansas Employment Security Law, finding claimant voluntarily quit his last work for personal reasons.

The issue before this Court is whether there is substantial evidence to support the Board's finding that claimant voluntarily, and without good cause connected with the work, left his last work. We find no substantial evidence to support the determination of the Board of Review and reverse.

Claimant was employed as an Assistant Vice President and Loan Officer for First National Bank of Little Rock for a period of ten years ending August 27, 1980.

On May 12, 1980, claimant was transferred from the loan department to First National Mortgage Company, a subsidiary of First National Bank. He was assigned to a project that was to last approximately 90 days. It was the claimant's understanding that he would be transferred back to the loan department after the 90 days.

On August 26, claimant was informed by a Senior Vice President for First National Bank that he was being terminated because of a work slow-down in the loan department. At that time, claimant inquired about other positions and he was told there were none. At this meeting on August 26, claimant was also shown two memos written by the President of First National Mortgage Company which indicated that he had had some problems with

claimant's work during the 90-day project. Claimant described this as a misunderstanding and a "personality clash."

The Personnel Manager of First National Bank testified at the hearing that managers at First National Bank are usually given the opportunity to resign rather than be terminated. At the August 26 meeting, claimant chose to resign. He submitted his resignation letter which became effective on August 27th. At the hearing, the Personnel Manager testified that she could not say whether or not the claimant would have been terminated because of a work slow-down or because of his "personality clash" but she did testify that he would have been terminated.

As is the usual practice with First National Bank, claimant was given severance pay for one month which totaled $1,550. He was also paid for two weeks vacation time which he had accumulated. The claimant's total compensation was $2,417.33.

We quote with approval from the case of *In the Matter of Werner*, 44 N.C. App. 723, 263 S.E. 2d 4 (1980):

> Perceiving that well-intentioned employers may prefer to allow the unsuitable employee the dignity of resignation, we believe that there are strong public policy reasons for not discouraging employers from exercising this option. Employees who resign under such circumstances become unemployed "through no fault of their own." We therefore hold that such employees who quit or resign employment because they are asked by their employer to leave do not leave "voluntarily" within the meaning of G.S. 96-14(1). In this case, the employer's recommendation to resign, coupled with the clear implication that the employee would be discharged if she failed to offer her resignation, constituted an involuntary separation.

See also, *Anchor Motor Freight, Inc.* v. *Appeal Board*, 325 A. 2d 374 (Super. Ct. Del. 1974).

In the instant case, the claimant took the less severe, embarrassing and traumatic option of resignation rather than discharge. The resignation was induced under the pressure of the employer and was tantamount to a discharge and was not one that was voluntarily made within the disqualifying language of Section 5(a) of the Employment Security Act.

We reverse and remand to the Employment Security Division for the awarding of benefits less any offset pursuant to Section 5(f)(1).

Reversed and remanded.

COOPER, J., not participating.