Mr. Jeff Smith The Morning News 203 N. College Avenue Fayetteville, AR 72701
Dear Mr. Smith:
 You have requested my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), A.C.A. § 25-19-101 through -109 (Repl. 1996 Supp. 2003), concerning the decision by the custodian of records at the University of Arkansas at Fayetteville to withhold certain records relating to the recent resignation of a professor. You have further posed three general questions regarding the scope of the FOIA.
Before addressing the University's decision to withhold certain records, I must respectfully decline to answer your general questions. Pursuant to A.C.A § 25-19-105(c)(3)(B)(i), my role with respect to the application of the FOIA is limited to reviewing the custodian's decision in order to determine "whether the decision is consistent with this chapter."
You report having requested "any and all files kept by the University of Arkansas regarding the [professor's] recent retirement. . . ." In response to this request, the University provided you with the following:
• The professor's letter of resignation, dated May 19, 2004;
 • A letter, dated May 20, 2004, from the professor's department's acting chair to the professor;
• A letter, dated May 20, 2004, from the acting chair to a dean;
 • A letter, dated May 20, 2004, from an associate dean to the professor;
 • A letter, dated May 28, 2004, from the department chair to the department faculty; and
• The itinerary of a University-sponsored tour.
In support of its decision to withhold certain additional records relating to the professor's retirement, the University has offered the following rationale:
 Beyond the records disclosed to you, additional records exist which are exempt from disclosure because the records: (1) are records, the disclosure of which would constitute a clearly unwarranted invasion of [the professor's] personal privacy, Ark. Code Ann. § 25-19-105(b)(12); (2) are" employee evaluation/job performance" records and [the professor] resigned (he was not terminated or suspended), id. § 25-19-105(c)(1); and/or (3) are "education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g," Ark. Code Ann. § 25-19-105(b)(2). Additionally, with respect to the itinerary listed above, we have redacted a handwritten notation which constitutes an "employee evaluation/job performance" record as well as an "education record."
I do not have and am unauthorized to obtain the records the University has determined to withhold. I regret to say that I am consequently unable to test the University's decision that these records are not subject to disclosure. I can, however, set forth the standards the University should have applied in making its determination.
The University has indicated that among the records it has withheld are what the FOIA terms "employee evaluation/job performance records." A.C.A. § 25-19-105(c)(1). As I noted in Ark. Op. Att'y Gen. No.2003-078:
 With regard to the separate exemption for "employee evaluation/job performance records," although the FOIA does not define this phrase, this office has previously opined that it encompasses, generally, records relating to an employee's performance or lack of performance on the job. See, e.g., Op. Att'y Gen. 2001-055. It includes, in my opinion, records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct. See, e.g., Op. Att'y Gen. 2001-063 (Internal Affairs file that was generated at the instance of the Department in the course of investigating a complaint against an employee constitutes "employee evaluation/job performance records" within the meaning of the FOIA).
The standard for the release of "employee evaluation/job performance records" is set forth at A.C.A. § 25-19-105(c)(1). Specifically, such records are subject to disclosure only under the following three conditions:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
In seeking the professor's records, you have maintained that a compelling public interest exists in their disclosure. The University has countered that the records are not subject to disclosure because there has been no suspension or termination because the professor resigned. In my opinion, the University is justified in this response, since the first of the three prongs set forth above has not been met.[1]
The University has taken the position that various other documents it has withheld are "personnel records" that are exempt from disclosure under the applicable standard set forth in the FOIA. This office has taken the general position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g.,
Ark. Ops. Att'y Gen. Nos. 2001-063; 2000-175; 2000-059; 99-244; 99-147, citing Watkins, The Arkansas Freedom of Information Act (3d ed., 1998), at 134. Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial."
I agree with the University that the documents it has released constitute "personnel records" that are subject to disclosure under the balancing test described above. I have not been supplied the personnel records the University has determined are not subject to disclosure under this test, and I am consequently unable to review the University's judgment in this regard. I am likewise unable to test the University's conclusion that various documents it has withheld constitute nondisclosable "education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g," A.C.A § 25-19-105(b)(2).
Although the University has not invoked any constitutional right to privacy as a basis for withholding any documents, the Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA. SeeMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
The question of whether information is protectable under the constitutional right of privacy is a question of fact that must be determined in the first instance by the custodian of the records on the basis of the facts of the case. If the custodian of the records determines factually that the records contain constitutionally protectable information, (i.e., information that meets the three prongs of the test laid out by the McCambridge court), the custodian must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in their nondisclosure. Again, this determination will be a factual one, based upon the information available to the custodian.
Finally, I should note that my necessarily limited conclusions regarding the University's decision to withhold various documents do not preclude you from seeking judicial review of the custodian's or my own conclusions. See A.C.A. § 25-19-105(c)(3)(C).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] This office has previously opined on numerous occasions that this should be the result even if the employee voluntarily resigned in the face of a disciplinary challenge. See, e.g., Ark. Ops. Att'y Gen. Nos.2002-235; 2001-246; 98-188; 97-063. However, without opining on the issue, one of my predecessors at least acknowledged the possibility that "a resignation tendered in the face of a more certain, impending termination could be deemed to be a forced, coerced or constructive termination for purposes of A.C.A § 25-19-105(c)(1)." Ark. Op. Att'y Gen. No. 97-063. See Dobbins v. Everett, 2 Ark. App. 254, 620 S.W.2d 309
(1981) (employee who, faced with certain termination, took less embarrassing option of resignation did not quit voluntarily and without good cause for purposes of employment compensation decision). Being unaware of the circumstances attending the professor's resignation, I will likewise decline to opine on this issue here.